OCTOBER AND NOVEMBER TERM, 1881, No. 232.

# Mutual Building and Loan Association of McKeesport *versus* McMullen *et al.*

Where the charter and by-laws of an association provided for the election of the treasurer annually, and the condition of the bond executed by the treasurer was that he should account for the moneys, etc., that had or should come into his hands "during his continuance in said office of treasurer," and should faithfully perform his duties "during the time of his continuance in said office," it was held that the sureties were liable only for default occurring during the year in which the bond was executed, and not for defaults occurring in subsequent years for which the same treasurer was re-elected.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny County*.

On the 16th of March, 1876, judgment was entered by the Mutual Building and Loan Association of McKeesport against James McMullen, John O. Reilley, and Margaret McMullen, for $15,000, with costs of suit, and attorney's commission upon a warrant of attorney to confess judgment in a bond.

The bond given by the defendants to the plaintiff, dated March 10th, 1876, contained the following condition:

" Whereas, The above bound James F. McMullen has been duly elected to the office of treasurer of the said Mutual Building and Loan Association, and by reason thereof, will receive in his custody and control the moneys, securities, and other valuables, goods and effects belonging to the said association.

" *Now the condition of the above obligation is such,* That if the said James F. McMullen, his executors or administrators, upon request to him or them in that behalf to be made, shall make and give to such auditor or auditors, a just and true account in writing of all such moneys, securities, and other valuables, goods and effects as have or shall, during his continuance in said office of treasurer of said association, come into his hands, custody or control, and shall upon the said account pay and deliver over to his successor in office, all such moneys, securities, and other valuable effects as by the balance of said account shall appear to be due and belonging to said association. *And provided further,* That the said James F. McMullen, during the time of his continuance in said office of treasurer, shall in all respects faithfully, fully and promptly perform all the duties pertaining thereto, then this obligation to be void; otherwise to be and remain in full force and effect."

In 1879 execution was issued on the judgment. The Court below, September 20th, 1879, quashed the execution and opened the judgment, letting the defendants into a defence.

The case was then put at issue, and on the trial in the Court below before KIRKPATRICK, J., the plaintiff proved the following facts:

The by-laws of the plaintiff association provided for the election of its officers, including the treasurer, annually on the first Saturday in December. On the 10th of December, 1875, James McMullen was elected treasurer. The bond in suit was executed March 10th, 1876. He was acting as treasurer at the time. He was re-elected treasurer December 8th, 1876, December 14th, 1877, and December 13th, 1878. About August 9th, 1879, McMullen absconded, owing the association up to September 1st, 1879, a balance of $13,716.

The Court charged the jury:

" As you have discovered, this action is brought by the Mutual Building and Loan Association of McKeesport against the former treasurer and his sureties on his bond. It is claimed by the plaintiffs that this treasurer was largely a defaulter and embezzler in point of fact, and this is established by the undisputed testimony in the case. For the purpose of recovering the amount thus short in his accounts this action was instituted and is now pressed against his sureties.

" To this action so brought it has been suggested by way of defence (and as it will appear more clearly when we answer plaintiffs' points) that under the terms of the bond the

[Mutual Building and Loan Association of McKeesport v. McMullen *et al.*]

sureties were only liable for one year, and that at most they only can be held for the year of office first held by him and for which he gave bond. That is the view of the case we entertain after a somewhat careful examination of the authorities bearing on the subject, and after having listened as we have to the very elaborate and learned discussion of the case this morning. And we so instruct you. This brings us to the point presented by plaintiffs' counsel, which we will proceed to answer.

"1. The plaintiffs' attorneys ask the Court to charge the jury, that under the evidence the plaintiffs are entitled to recover the amount of the deficit for the entire period of service as treasurer by James F. McMullen, from the date of his appointment in December, 1875, till he ceased to act in August, 1879.

"And in answering thereto, refused.

"2. If the Court refuse to charge as required in the first point, then the Court is requested to charge the jury that the plaintiffs are entitled to recover for any deficit arising out of the transactions of the first year.

"Affirmed.

"If we are in error we can hereafter correct ourselves upon a motion for new trial, and if then we persist in the opinion we now entertain, our opinion can be reversed by the Supreme Court."

Counsel for plaintiffs excepted to the charge.

February 1st, 1881, verdict for plaintiffs for $245.26, on which judgment was subsequently entered.

The plaintiffs then took a writ of error, assigning as error the answer of the Court to their first point.

*George Shiras, Jr.,* and *John Ewing Speer,* for plaintiffs in error.

Under the definition of the word "continue," it is evident that the meaning of the bond is that it shall apply to successive terms, and that so long as he shall be treasurer the surety shall be bound.

Where there is no restriction the officers may continue to hold and exercise their offices after the expiration of the year, until they are superseded by the election and qualification of other persons in their places, as when they are elected for a term and there is no restriction by the constitution of the corporation to that term alone, or where they are elected for a term and until their successors are elected and qualified : Foot *v.* Prowse, Strange, 625 ; Queen *v.* Corporation of Durham, 10 Mod., 146 ; King *v.* Lisle, Andrews, 163 ; McCall *v.* Byram Mfg. Co., 6 Conn., 428 ; Spencer *v.*

[Mutual Building and Loan Association of McKeesport v. McMullen *et al.*]

Champion, 9 Id., 536; Bethany v. Sperry, 10 Id., 200; Plymouth v. Painter, 17 Id., 588; Kelsy v. Wright *et ux.*, 1 Root's, 83; Wier v. Bush, 4 Litt., 429; People v. Runkel, 9 John., 147; Vernon Soc. v. Hills, 6 Cow., 23; Slee v. Bloom, 5 John. Cha. E., 366; Pindar v. King, 6 Vin. Abr., 296; Tuley v. State, 1 Ind., 500; Kent. Com., 2, 285 n. b.

Counsel cited Dallas v. Chaloner's Executors, 3 Dallas, 500; Hutchinson v. The Commonwealth, 6 Barr, 124; Commonwealth v. West, 1 Rawle, 29; Daly v. Commonwealth, 25 P. F. Smith, 331; Loan Co. v. The Association, 12 Wr., 446; Wylie v. Gallagher, 10 Wr., 208; Commonwealth v. Boynton, 4 Dallas, 282; United States v. Kirkpatrick, 9 Wheaton, 720.

*Charles F. McKenna, Kennedy & Doty*, and *D. T. Watson* for defendants in error.

Where the bond is general, but the recital therein recites a specific period, general words will be limited by recitals, and sureties will be only liable for the time specified: Lord Arlington v. Merricke, 2 Saund., 411; Amherst Bank v. Root, 2 Metc., 522; Warden St. Saviour's v. Bostock, 2 Bos. & Pul. (N. R.), 175; Peppin v. Cooper, 2 Barn. & Ald., 431; Hassell v. Long, 2 Man. & Sel., 363; Sansom v. Bell, 2 Camp., 39; Building Association v. Price, 16 Fla., 204.

In this case the minutes show no holding over or default to elect, but a regular succession at each annual election of a treasurer for a specified term, under the by-laws of the association, and the annual auditing and approval of the treasurer's accounts at the end of each official term of one year, when by election a new term of office began and a new officer was qualified as treasurer, to succeed the official whose term had just expired. To say that it was a continuous holding of office in contemplation of the wording of the bond, which contains no provision, express or implied, for liability for any future or other terms than the existing one to which McMullen was elected, and which term by all the testimony in the case expired December 10th, 1876, would do violence to the plain meaning of the words, and would be working gross injustice to sureties: Manufacturers' and Mechanics' Savings and Loan Co. v. Odd Fellows' Hall Association, 12 Wr., 446.

NOVEMBER 14TH, 1881.—PER CURIAM: The bond of the defendant, as treasurer of the corporation plaintiffs, might undoubtedly have been so drawn as to make the obligors liable not only for the term to which he was then elected, but to any subsequent term he might hold the office by re-election. But it was simply "during his continuance in said office,"

which necessarily meant the term of the office to which he had then been elected, namely, for one year. We cannot stretch the language so as to make sureties liable beyond the letter of their engagement.

Judgment affirmed.